IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DISABILITY RIGHTS PENNSYLVANIA,

    Plaintiff,

v.                        Civil Action No. 1:19-cv-00062-SPB

ERIE COUNTY, PENNSYLVANIA,

    Defendant.

## CONSENT DECREE

WHEREAS on March 8, 2019, Plaintiffs filed this lawsuit alleging that Defendant violated 42 U.S.C. §1983, the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI Act), 42 U.S.C. §§ 10801-10827, and the Developmental Disabilities Assistance and Bill of Rights Act (DD Act), 42 U.S.C. §§ 15041-15045, by failing to provide Plaintiffs with access to the records of T.L., an individual with a disability;

WHEREAS Plaintiffs and Defendant desire to settle this lawsuit amicably and to avoid the risks and expense of further litigation;

NOW, THEREFORE, the Parties enter into this Consent Decree.

1.     Defendant will release all records in their custody, possession and control relating to T.L., including, but not limited to, all records


EXHIBIT A

indicated in Plaintiff's original December 10, 2018 records request letter; including:

    a. All documents, written and electronic, including video;

    b. All documents related to dependency history, including all court records and orders and docket sheets;

    c. All documents relating to placement notes/reports, professional evaluations (including, but not limited to psychiatric, neuropsychological and educational) and profiles;

    d. All documents identifying and/or describing T.L.'s disabilities and history of treatment/services/supports and assessments or screens (including CANS or FAST screens); and

    e. All documents and communications relating to efforts to identify placements, including, but not limited to acceptances or rejections, referrals, and notes.

Disability Rights Pennsylvania assumes the responsibility for maintaining the confidentiality of all Defendant's records which it is granted access to pursuant to this consent decree, including, but not limited to the

need to make appropriate redactions if and when the documents are disclosed to others.

2. Defendant will release the documents in Paragraph 1 no later than 21 days after approval of this consent decree by the Court.

3. Nothing in this Consent Decree forecloses Disability Rights Pennsylvania from petitioning the Court for an award of attorneys' fees and costs in connection with this litigation and nothing in this Consent Decree forecloses any defenses to such a petition that may be asserted by Erie County. Plaintiff will have 30 days after the Court's Order approving this Consent Decree to file any motion for fees and costs.

4. All of the records will be shared digitally. Defendant will charge a fee of $0.25 (twenty-five cents) per page for the scanning of any of the released documents which have not yet been digitized and will not charge a fee the for the release of documents that were digitized prior to this request.

5. Except as provided by the release in Paragraph 8, this Consent Decree in no way limits Plaintiff's rights granted to it under the PAIMI or DD Acts; nor does it limit Plaintiff's access to any additional or otherwise missed records specifically relating to T.L. in the Defendant's custody, control, or possession so long as those records would be accessible under

3

the PAIMI or DD Acts; nor does this Consent Decree limit whatever rights Plaintiff has to obtain records from Defendant for any other individual or individuals protected by the PAIMI or DD Acts.

6. This Consent Decree is subject to the Court's agreement to approve it, incorporate it by reference in an order, and retain continuing jurisdiction to interpret and enforce it. If the Court declines to do so, the Consent Decree will be null and void, and Plaintiff's claims will be reinstated in the same posture as at the date the Consent Decree was executed.

7. Within ten (10) days of the execution of the Consent Decree, the Parties will submit a proposed Order to the Court that: (a) approves the Consent Decree, dismisses the Plaintiff's claims and incorporates the Consent Decree by reference in the Order; and (b) provides that the Court will retain continuing jurisdiction to interpret and enforce the Consent Decree.

8. Plaintiff may file a motion to remedy any alleged violation of the Consent Decree, provided that it gives written notice to Defendant's counsel at least fourteen (14) days prior to filing such motion.

9. This Consent Decree will terminate within ninety (90) days after the date it is executed, provided that there is no pending motion pursuant to

Paragraph 8 of the Consent Decree or other pending activity in the litigation. In the event that there is a pending motion pursuant to Paragraph 8 of the Consent Decree or other pending activity in the litigation on the date it is due to terminate, the Consent Decree will terminate when the motion or activity is fully resolved by the Parties or the courts.

10. As of the date the Court dismisses the Plaintiff's claims in accordance with this Consent Decree, the Plaintiff, on its own behalf and on behalf of its successors, agents, employees, and assigns, fully and forever releases and discharges Defendant, including its officers, employees, insurers, affiliates, offices, divisions, predecessors, successors, and assigns, from any and all actions, claims, causes of action, suits, liabilities, debts, accounts, contracts, agreements, torts, controversies, judgments, damages, and demands relating to any claim that the Plaintiff asserted in the above-captioned litigation concerning Defendant's failure to provide Plaintiff with the above listed records for T.L. This release, however, does not preclude the Plaintiff from seeking judicial intervention to remedy violations of this Consent Decree prior to its termination as provided from the prior paragraph, or to file a motion to recover attorneys' fees and costs.

11. The Parties each acknowledge that no promise or inducement which is not herein expressed has been made. This Consent Decree contains the sole and entire agreement between the Parties and completely and fully supersedes and replaces any and all prior contracts, agreements, discussions, representations, negotiations, understandings, and any other communications between the Parties pertaining to the subject matter thereof, and the Parties represent and acknowledge that they have not relied upon any such statements or understandings that are not expressly set forth in this Consent Decree.

12. No party is deemed the drafter of this Consent Decree. The Parties have had an opportunity to review and consult with their counsel about its contents.

13. This Consent Decree may be executed in counterparts.

14. This Consent Decree does not constitute an admission of liability by Defendant or a concession by Plaintiff as to the validity of any defense, nor does it constitute an adjudication on the merits of Plaintiff's claim.

15. By signing below, the signatory for the Defendant represents and warrants that s/he has full authority to bind Defendant in this matter with respect to all terms contained in this Consent Decree.

16. The parties agree that the Effective Date of this Consent Decree shall be the latest date on which it is executed by a Party; provided that defendant must execute this Consent Decree no later than seven (7) days after Plaintiff has executed it.

DISABILITY RIGHTS PENNSYLVANIA

By: _Peri Jude Radecic_     Dated: _5/8/19_

Name: _Peri Jude Radecic_

Title: _CEO_

COUNTY OF ERIE

By: _Richard W. Perhacs_     Dated: _5/8/19_

Name: _RICHARD W. PERHACS_

Title: _Chief County Solicitor_

7