IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| DISABILITY RIGHTS PENNSYLVANIA, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civil Action No. 1:19-cv-00062-SPB <br> : |
| ERIE COUNTY, PENNSYLVANIA, | : <br> : |
| Defendant. | : <br> : |

## **ORDER**

Upon consideration of Plaintiff's Motion for an Award of Attorneys' Fees and Costs, it is hereby ORDERED on this _____ day of _____, 2019 as follow:

1. Plaintiff's Motion is GRANTED based on the following findings of fact and conclusions of law:

    a. The parties entered into a Consent Decree, which this Court approved on May 29, 2019. The Consent Decree confers on the Plaintiffs all of the relief they sought by requiring Defendants to release and produce to Plaintiff all records requested in the Plaintiff's complaint. The Consent Decree also requires the Court to retain jurisdiction to interpret and enforce it.

    b. As a result of the Consent Decree, Plaintiff is a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health &*

*Human Resources*, 532 U.S. 598, 604 (2001); *Raab v. City of Ocean City*, 833 F.3d 286, 294 (3d Cir. 2016).

   c. As the prevailing party, DRP can recover its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).  Although Section 1988(b) refers to the court's discretion to award fees to a prevailing party, "'it is well-established that a prevailing party should recover an award of attorney's fees absent special circumstances.'"  *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159, 163 (3d Cir. 2002) (citation omitted).  There are no special circumstances that preclude an award of attorneys' fees to DRP in this matter.

   d. "Reasonable attorneys' fees are the product of the hours reasonably expended and the applicable hourly rate for the legal services," which is known as the "lodestar."  *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) (citation omitted).  "The lodestar is strongly presumed to yield a reasonable fee."  *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

   e. Plaintiff's aggregate lodestar of $18,535 for which they seek compensation reflects a reasonable expenditure of time and reasonable billing rates.

   (1) The 54.4 hours for which Plaintiff's counsel seek reimbursement are reasonable given the nature of this case.  This time includes: investigating and researching the Plaintiff's claims and drafting the Complaint; researching and drafting the Motion for a Preliminary Injunction and

Memorandum of Law in support of that Motion; negotiating the Consent Decree; preparing for and holding calls with the assigned Judge; drafting and negotiating the Consent Decree; and drafting the Motion for an Award of Attorneys' Fees and Costs as well as the Memorandum of Law in support of that Motion.  Plaintiff's counsel worked to avoid duplication of efforts.  Plaintiff's counsel also exercised billing judgment, eliminating time spent that might arguably be deemed unnecessary or duplicative.

(2) The applicable legal market to determine Plaintiff's counsels' reasonable rates is Pittsburgh as this case was brought under Plaintiff's own and unique statutory rights that not only provides Plaintiff's claim, but also restrict its ability to share factual information about that claim. This case also required special expertise of counsel due to the unique rights being brought.

(3) The hourly rates for Plaintiff's counsel of $240 for Mr. Favini and $435 for Ms. Resnick are reasonable and reflective of those of attorneys of comparable skill and experience in Pittsburgh.  Mr. Favini has nearly five years of experience working exclusively in the field of disability rights.  Ms. Resnick has 32 years of experience, including 24 working exclusively in the field of disability rights.  Courts have previously approved Ms. Resnick's hourly rates. Nancy Hubley and Timothy O'Brien, civil rights practitioners in Pittsburgh, confirmed that the rates sought by Plaintiff's counsel are reasonable for attorneys of comparable skill and experience in Pittsburgh.  In addition, billing surveys published by the National Law Journal more than three years ago reflect that the

rates sought by Plaintiff's counsel are well within the realm of reasonableness in the Pittsburgh market.

        c.      Plaintiffs are entitled to be reimbursed for the $400 filing fee and $150 service fee pursuant to 28 U.S.C. § 1920.

      2.      Plaintiffs counsel are awarded the sum of $19,085 for attorneys' fees and costs, which Defendant shall pay to Disability Rights Pennsylvania no later than thirty (30) days after the date of this Order.

**SO ORDERED:**

Dated: _____

The Honorable Susan Paradise Baxter
United States District Judge