IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DISABILITY RIGHTS PENNSYLVANIA, | ) ) | |
| Plaintiff, | ) ) | C.A. No. 19-62 Erie |
| v. | ) ) | District Judge Susan Paradise Baxter |
| ERIE COUNTY, PENNSYLVANIA, | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

### **I.    INTRODUCTION**

Plaintiff is the non-profit organization designated by the Commonwealth of Pennsylvania to protect and advance the rights of Pennsylvanians with mental illness and developmental disabilities, pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. §§ 10801-10827, and the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. §§ 15041-15043. On March 8, 2019, Plaintiff commenced this action by filing a complaint [ECF No. 1] and concomitant motion for preliminary injunction [ECF No. 3] seeking a court order requiring Defendant to release certain records pertaining to a 16-year-old mentally disabled youth (identified as "T.L."), who Plaintiff believes has been subject to abuse and neglect while in the custody of Defendant's child welfare system.

Prior to filing suit, in December 2018, Plaintiff submitted written requests for T.L.'s records, including a release signed by T.L., to Defendant's Office of Children & Youth ("OCY") and Public Defender's Office ("PDO"). [ECF No. 4-3]. On December 14, 2018, Defendant's

1

Solicitor denied Plaintiff's record requests, stating that the release was not valid because it needed to be signed by T.L.'s birth parents. [ECF No. 4-4]. After unsuccessfully attempting to obtain a release from T.L.'s court-appointed guardian *ad litem*, Plaintiff again requested Defendant's release of T.L.'s records. On February 22, 2019, Defendant's Solicitor advised Plaintiff that Defendant "remains of the view that an effective release is necessary and that it cannot, on its own authority, release the records you request...." [ECF No. 4-7]. As a result, Plaintiff filed the instant action to obtain a court order requiring Defendant to release the requested records.

On March 15, 2019, this Court scheduled a telephonic hearing on Plaintiff's preliminary injunction motion for March 27, 2019. At this hearing, the parties informed the Court that they were attempting to resolve the matter by consent decree. Consequently, the motion was held in abeyance and the hearing was adjourned until April 30, 2019, at which time the parties were expected to report on their progress toward resolution of this matter. The parties subsequently negotiated the terms of an appropriate consent decree and informed the Court that no further hearing was needed. The Consent Decree was finalized and executed by the parties on May 8, 2019, and was approved by the Court by Order dated May 29, 2019. [ECF No. 14].

Presently before the Court is Plaintiff's motion for an award of attorneys' fees and costs [ECF No. 15] pursuant to 42 U.S.C. § 1988(b). Specifically, Plaintiff seeks an award of attorneys' fees in the aggregate amount of $ 18,535.00, plus costs of $ 550.00. Defendant has filed a memorandum in opposition to Plaintiff's motion [ECF No. 18], arguing that Plaintiff's motion should be denied in its entirety or, in the alternative, that its requested fees should be substantially reduced. This matter is now ripe for review.

## II. STANDARD OF REVIEW

42 U.S.C. §1988(b) provides, in pertinent part, that "In any action or proceeding to enforce a provision of section ... 1983 ... of this title ..., the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Indeed, "'although [§1988(b)] expressly refers to a district court's discretion, it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances.'" Truesdell v. Philadelphia Housing Authority, 290 F.3d 159, 163 (3d Cir. 2002), quoting County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. 2001).

"To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." Farrar v. Hobby, 506 U.S. 103, (1992) (internal citations omitted). "The Supreme Court has clarified that '[a]lthough a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" Ward v Philadelphia Parking Authority, 643 Fed Appx 901, 903 (3d Cir. 2015), quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) (alteration in original) (internal citation omitted). Thus, where there is a consent decree, "[t]he fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken [plaintiff's] claim to fees." Maher v. Gagne, 448 U.S. 122, 129 (1980).

## III. DISCUSSION

Here, Defendant first argues that Plaintiff is not entitled to any fee award because "special circumstances" exist that "make an award of any type inappropriate." (ECF No. 18, at p.

3

3).[1] In particular, Defendant emphasizes that "from the inception of the lawsuit, there was never any serious disagreement but that the records would be provided as requested by Plaintiff," and, thus, the action was "essentially uncontested." (Id. at p. 2, 4). Nonetheless, Defendant acknowledges that this action was necessary because it would not release the records requested by Plaintiff "unless a court order authorized the release." (Id. at p. 2). Thus, Plaintiff was left with no alternative but to initiate this action to obtain the court order Defendant required. Under such circumstances, Defendant cannot now object to the appropriateness of rewarding any fees whatsoever to Plaintiff.

Alternatively, Defendant argues that, given the nature of this action, Plaintiff's fees are excessive and should be substantially reduced. The Court agrees.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). These two factors will be considered in reverse order.

### A.     Reasonableness of Hourly Rates

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001), citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The court "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). According to a Third Circuit Task Force

---

[1] As part of this argument, Defendant also appears to challenge Plaintiff's status as a "prevailing party" under Section 1988. To the extent it does so, the Court finds that Plaintiff is, indeed, a prevailing party by virtue of the fact that it has obtained the relief it sought pursuant to a court-sanctioned consent decree. See Buckhannon, 532 U.S. at 604-05.

Report issued in 1986,[2] the "relevant community" to be considered in determining the reasonableness of an attorney's hourly rate is generally "the hourly rate prevailing in the forum in which the litigation is lodged" (the "forum rate"), unless "the need for 'the special expertise of counsel from a distant district' is shown or when local counsel are unwilling to handle the case." See Interfaith Community Organization v. Honeywell Intern, Inc., 426 F. 3d 694, 704 (3d Cir. 2005); Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1186 (3d Cir. 1995).

Here, the hourly fees sought by Plaintiff's attorneys are based upon rates prevailing in the Pittsburgh and Philadelphia legal markets, where the attorneys' offices are based. Specifically, Plaintiff's Philadelphia-based attorney, Robin Resnick ("Resnick"), is billed at the rate of $435.00/hr., while Plaintiff's Pittsburgh-based attorney, Andrew Favini ("Favini"), is billed at the rate of $240.00/hr. While there is little doubt that Plaintiff's attorneys possess special expertise in advocating for the rights of disabled individuals, such expertise was not required in this case, as this was essentially a discovery dispute regarding the release of records. Additionally, Plaintiff has failed to show that local counsel was unwilling to handle this case. Plaintiff's argument that it would have been difficult to retain outside counsel to pursue this matter because of confidentiality concerns regarding the sharing of T.L.'s information is baseless. The merits of T.L.'s underlying civil rights claims were not at issue here. The information publicized in the documents filed by Plaintiff in this case is all that an outside counsel would have required to pursue this action.

There being no special expertise that was required in this case, the Court finds that the forum rate applies. In this regard, Defendant has submitted the affidavit of Neal R. Devlin,

---

[2] Court Awarded Attorneys Fees, 108 F.R.D. 237, 60-62 (1986).

Esquire ("Devlin"), Chairperson of the Litigation Group at Knox, McLaughlin, Gornall & Sennett, a prominent law firm located in this Court's forum, Erie, Pennsylvania. (ECF No. 18, at p. 18-19). Devlin declares that the typical hourly rate in complex cases for skilled litigators in the Erie, Pennsylvania legal community ranges from $285 to $350 per hour, while the typical rate for attorneys with approximately five years of experience ranges from $185 to $205 per hour. (Id. at ¶¶ 3-4). The Court finds Devlin's representations to be an accurate reflection of the range of legal fees considered reasonable in Erie, Pennsylvania. Thus, applying the parameters set forth in Devlin's affidavit to the relatively routine nature of the issues involved in this case, the Court finds the reasonable hourly rates for Resnick and Favini to be $285.00 and $185.00 per hour, respectively.

**B.     Reasonableness of Time Expended**

The Court is granted the discretion to "exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434 (citation omitted). In general, hours are not reasonably expended if they are found to be excessive, redundant, or otherwise unnecessary. Id. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at ¶¶ 436-437.

Here, Plaintiff reports that its attorneys expended a total of 54.4 hours. Of this total, Resnick reportedly expended 28.1 hours, with approximately 26 hours attributed to drafting the complaint and the preliminary injunction motion and brief, and the remaining hours attributed to reviewing documents. (ECF No. 16-3, at p. 2). Despite the straightforward nature of the relief sought in this case, the complaint consists of 23 pages and the brief contains 25 pages, much of which comprises a rehashing of the allegations of the complaint and boilerplate law that is the

heart of Plaintiff's attorneys' day-to-day practice. Thus, Resnick's time will be reduced to a total of 12 hours, which the Court deems reasonable considering the uncomplicated issues involved in this case and the parties' quick resolution of the same.

As for Favini, Plaintiff reports that he spent a total of 26.3 hours, including, *inter alia*, 2.5 hours preparing for and attending the initial preliminary injunction hearing, 4 hours drafting the Consent Decree, and approximately 16 hours preparing the instant fee petition. (ECF No. 16-3, at pp. 3-4). Once again, given the nature of the issues involved and the relative ease in which the requested relief was obtained, Favini's time will be reduced to a more reasonable total of 8 hours.

AND NOW, THEREFORE, this 21st day of January, 2020,

IT IS HEREBY ORDERED that Plaintiff's motion for an award of attorneys' fees and costs [ECF No. 15] is GRANTED insofar as Plaintiff is awarded costs in the amount of $ 550.00, and attorneys' fees in the total amount of $ 4,900.00, calculated as follows:

    Robin Resnick        12 hours x $ 285.00/hr. = $ 3,420.00
    Andrew Favini       8 hours x $ 185.00/hr. = $ 1,480.00

Plaintiff's motion is DENIED to the extent it seeks an award of attorneys' fees in an amount exceeding $ 4,900.00.

*[signature]*
SUSAN PARADISE BAXTER
United States District Judge